UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARQUETTE GENERAL HOSPITAL,
INC.,

    Plaintiff,

v.                                           Case No. 2:09-cv-00135
                                                 HON. R. ALLAN EDGAR

AETNA HEALTH, INC.,

    Defendants.
_____/

**MEMORANDUM**

Plaintiff Marquette General Hospital, Inc. ("Marquette General") originally brought this action in the 96th District Court for the County of Marquette, State of Michigan. *See* [Court Doc. No. 1-2, Complaint]. Defendant Aetna Life Insurance Company ("Aetna") removed the case to this court on the basis of 28 U.S.C. § 1331 alleging that this action arises out of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Aetna has now moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [Court Doc. No. 7]. Marquette General has failed to file a response to the motion to dismiss.

The court has reviewed the record, the arguments of Aetna, as well as the allegations of the Complaint and has determined that it will **RESERVE RULING** on Aetna's motion to dismiss to provide Marquette General with an opportunity to amend its Complaint.

**I.    Background**

Plaintiff Marquette General's Complaint states in its entirety the following:

Plaintiff says:

> 1. Plaintiff, Marquette General Hospital, Inc., is a medical care provider located in Marquette, Michigan. Defendant, on information and belief, issued a health insurance policy in favor of Deborah Tonn. Policy No. W15035074.
> 2. Plaintiff provided medical services between the dates of January 29, 2007 and August 6, 2007 to Deborah Tonn and the value of those services provided is $10,728.92. A copy of itemized statement of account is available upon request.
> 3. Plaintiff is a third-party beneficiary to any benefits that would have been or are payable to or on behalf of Deborah Tonn for medical services provided under the aforementioned insurance policy.
> 4. At the time services were rendered to Deborah Tonn, her husband, Gary L. Tonn, is or was employed with Ferrellgas, Inc., and also a beneficiary of a corporate plan for medical benefits.
> 5. On information and belief, reasonable proof of the services rendered by Plaintiff to Deborah Tonn has been supplied to Defendant, but the bill for medical services provided is still due and owing.
>
> WHEREFORE, Plaintiff prays for judgment in the amount of $10,728.92 plus interest, costs and attorney fees to be taxed.

Complaint, ¶¶ 1-5. The Complaint does not attach a copy of the relevant health insurance policy.

Aetna has filed a copy of what it purports to be the relevant health insurance policy (the "Plan"). *See* [Court Doc. No. 7-3]. The policy number of the attached Plan varies from the policy number of the plan identified in the Complaint. *See* Plan, p. 7. However, the general information section of the Plan does state that it is information "for all Ferrellgas Medical Plans." Plan, p. 4. The only copy of the Plan provided to the court indicates that Aetna is the "plan administrator" for the Plan and that it is "self-funded" with benefits "paid from the general assets of Ferrellgas. Benefits are not insured by Aetna HealthCare." Plan, p. 5. The Plan provided by Aetna also contains the following language pertaining to the review of claims:

> **Assigning Coverage**
> All coverage may be assigned only with the written consent of Aetna.
>
> **Reporting Claims**
> Claims for services or supplies must be submitted to Aetna in writing. They must

> give proof of the nature and extent of the loss. . . .
> All claims should be reported promptly. The deadline for filing a claim for any benefits is 90 days after the date of the services causing the claim. . . .
> Benefits will be paid as soon as the necessary written proof to support the claim is received.
>
> **Claim Review Procedure**
> If a claim is denied, you will be given the reason for denial in writing. You, or a person in your behalf, may ask the Aetna Claim Office in writing for a review of the denied claim within 60 days of receipt of the denial notice. This written request for review should state the reason why you feel your claim should not have been denied. It should include any additional comments and you may review pertinent documents. In normal cases, you will receive the final decision within 60 days of the date your request for review is received. In special cases requiring a delay, you will receive notice of the final decision no later than 120 days after your request for review is received.
>
> The Plan is handled by the Plan Administrator with benefits as set forth in the group insurance policies issued by Aetna.

Plan, p. 8.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must read all well-pleaded allegations of the complaint as true." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996)). In addition, a court must construe all allegations in the light most favorable to the plaintiff. *Bower*, 96 F.3d at 203 (citing *Sinay v. Lamson & Sessions*, 948 F.2d 1037, 1039 (6th Cir. 1991)).

The Supreme Court has explained "an accepted pleading standard" that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955,

1969 (2007). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner*, 108 F.3d at 88 (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)). In *Twombly* the Supreme Court emphasized that:

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. at 555, 127 S.Ct. at 1964-65 (citations omitted). *See also, Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986) (noting that "[a]lthough for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation").

In order to "survive a motion to dismiss under Rule 12(b)(6), a 'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Advocacy Org. for Patients and Providers v. Auto Club Ins. Ass'n.*, 176 F.3d 315, 319 (6th Cir. 1999) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). Following *Twombly* the U.S. Supreme Court decided *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197 (2007). In *Erickson* the Supreme Court reminded lower courts of liberal pleading standards:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' "

*Erickson*, 551 U.S. at 93, 127 S.Ct. at 2200 (*quoting Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 and *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)) .

The Sixth Circuit has chosen to "read the *Twombly* and *Erickson* decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12." *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295-96 (6th Cir. 2008).

However, the Supreme Court has recently clarified that *Twombly* is not limited "to pleadings made in the context of an antitrust dispute." *Ashcroft v. Iqbal*, __ U.S. ___, 129 S.Ct. 1937 (2009). The Court emphasized that "though *Twombly* determined the sufficiency of a complaint sounding in antitrust, the decision was based on our interpretation and application of Rule 8. That Rule in turn governs the pleading standard 'in all civil actions,' and it applies to antitrust and discrimination suits alike." ___ U.S. at ___, 129 S.Ct. at 1953 (quoting *Twombly*, 550 U.S. at 555-556, 127 S.Ct. 1955). The Court in *Iqbal* indicated the Rule 8 pleading standards that apply to all cases:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . .

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

*Iqbal*, ___ U.S. at ___, 129 S.Ct. at 1949-50.

In addition, in reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) "[m]atters outside the pleadings are not to be considered . . ." *Weiner*, 108 F.3d at 88 (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)). However, the Sixth Circuit recognizes an exception to this general rule and has determined that "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'" *Weiner*, 108 F.3d at 89 (citing *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Therefore, because Marquette General refers to the health insurance plan benefits in the Complaint as the basis for its alleged right to payment from Aetna, the court will consider the Plan attached to Aetna's motion to dismiss even though it was not attached to the Complaint.

**III.     Analysis**

Defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Further, 28 U.S.C.

§ 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The defendant seeking removal has the burden of proving jurisdiction in the district court. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007). Further, " '[b]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand.'" *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-550 (6th Cir. 2006) (quoting *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996)).

Defendant Aetna removed the case to this Court pursuant to 28 U.S.C. § 1331 alleging federal question jurisdiction because Plaintiff's Complaint relates to rights arising under the terms of a group health insurance policy governed exclusively by ERISA, 29 U.S.C. § 1001 *et seq.* Defendant alleges that because Plaintiff claims to be the third-party beneficiary of an "employee benefit plan" as that is defined under ERISA, its remedy arises solely under ERISA's Section 502, 29 U.S.C. § 1132(a)(1)(B). Defendant further argues that Plaintiff's state law claim for payment of hospital services incurred is preempted by ERISA.

Generally, only complaints that raise issues of federal law are subject to federal question removal pursuant 28 U.S.C. § 1331. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). This is known as the "well-pleaded complaint rule." *Id.*

Federal pre-emption and complete pre-emption allowing for removal are two different concepts. *See Warner v. Ford Motor Co.*, 46 F.3d 531 (6th Cir. 1995). "ERISA pre-emption, without more, does not convert a state claim into an action arising under federal law."

*Metropolitan Life Ins. Co.*, 481 U.S. at 64, 107 S.Ct. at 1547. As explained by the U.S. Supreme Court:

> [f]ederal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court. . . . One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.

*Id.* 481 U.S. at 63-64, 107 S.Ct. at 1546. The Court held that Congress "clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court." *Id.* at 66, 107 S.Ct. at 1548.

ERISA provides in Section 502(a) that either a participant or a beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). In addition, 29 U.S.C. § 1144(a) states in part, ". . . the provision of this subchapter . . . shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title."

In *Warner v. Ford Motor Company*, the Sixth Circuit addressed the circumstances under which claims relating to employee benefit plans are removable to federal court. 46 F.3d 531 (6th Cir. 1995).

> [Section] 1144 preemption does not create a federal cause of action itself, and cannot convert a state cause of action into a federal cause of action under the well-pleaded complaint rule. As a consequence, no removal jurisdiction exists under § 1144. . . .
>
> Removal is allowed in § 1132(a)(1)(B) type cases under *Metropolitan Life*

> because of the Court's conclusion that Congress intended federal law to occupy the regulated field of pension contract enforcement. State claims for damages or injunctive relief to enforce a pension plan against an employer or trustee are subject to removal. State causes of action not covered by § 1132(a)(1)(B) may still be subject to a preemption claim under § 1144(a) . . . because the state law at issue may "relate to" a pension or employee benefit plan. But such actions are not subject to removal.

*Id.* at 534-535. In other words, "only if the claim is 'completely preempted' by ERISA, that is, when the action is to recover benefits, enforce rights or clarify future benefits under an ERISA plan, is the action subject to removal to the federal courts." *Wright v. General Motors Corp.*, 262 F.3d 610, 613 (6th Cir. 2001).

In determining whether complete preemption exists, the Sixth Circuit has cautioned that a "court must conclude that the common law or statutory claim under state law should be characterized as a superseding ERISA action 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan,' as provided in § 1132(a)(1)(B)." *Warner v. Ford Motor Co.*, 46 F.3d 531, 534 (6th Cir. 1995).

In *Aetna Health Inc. v. Davila*, the Supreme Court discussed 29 U.S.C. § 1132(a)(1)(B) and explained:

> It follows that if an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA § 502(a)(1)(B). In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

542 U.S. 200, 210, 124 S.Ct. 2488, 2496 (2004) (citing *Metropolitan Life*, 481 U.S. at 66).

The first question to be addressed is whether this Defendant properly removed this action to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. This requires an analysis of whether Plaintiff's claims are claims covered by Section 502(a), the civil enforcement provision of ERISA, and are thus subject to complete preemption under ERISA. 29 U.S.C. § 1132(a). First, this Court must determine whether the Plan is an employee welfare benefit plan and whether Plaintiff is a potential beneficiary as defined by ERISA. Then this Court must determine whether Plaintiff's claims are encompassed within 29 U.S.C. § 1132(a) or whether Plaintiff's claims merely "relate to" an ERISA plan such that ordinary pre-emption pursuant to 29 U.S.C. § 1144 applies.

> ERISA defines an "employee welfare benefit plan" in relevant part as
>
> any plan, fund, or program . . . maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability . . . .

29 U.S.C. § 1002(1). A health insurance policy, if it meets the other requirements of an employee welfare benefit plan, constitutes an employee welfare benefit plan under ERISA. *See e.g. Copeland Oaks v. Haupt*, 209 F.3d 811, 813 (6th Cir. 2000).

In this action Marquette General's brief Complaint asserts that it is a third-party beneficiary of Deborah and Gary Tonn's health insurance plan maintained by Gary Tonn's employer and administered by Aetna. *See* Complaint, ¶¶ 3-4. As the Sixth Circuit has "repeatedly recognized," "virtually all state law claims relating to an employee benefit plan are preempted by ERISA. It is not the label placed on a state law claim that determines whether it is

preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991) (citing *Ruble v. UNUM Life Ins. Co.*, 913 F.2d 295 (6th Cir. 1990); *Davis v. Kentucky Finance Cos. Retirement Plan*, 887 F.2d 689 (6th Cir. 1989)) (other citations omitted). Further, the Sixth Circuit has also determined that "[a] health care provider may assert an ERISA claim as a 'beneficiary' of an employee benefit plan if it has received a valid assignment of benefits." *Cromwell*, 913 F.2d at 1277 (citing *Hermann Hosp. v. MEBA Medical & Benefits Plan*, 845 F.2d 1286 (5th Cir. 1988)). *See also, Dallas County Hosp. Dist. v. Assocs.' Health and Welfare Plan*, 293 F.3d 282, 285 (5th Cir. 2002) (noting that "[i]n sharp contrast to the express prohibition of the assignment of benefits under an ERISA pension plan, 29 U.S.C. § 1056(d), ERISA contains no provision prohibiting the assignment of benefits under an ERISA welfare plan, nor does it contain language that 'even remotely suggests that such assignments are proscribed or ought in any way to be limited.'")

In *Regency Hosp. of Cincinnati v. Blue Cross Blue Shield of Tennessee*, the plaintiff, a hospital, filed a complaint in state court against the defendant insurer alleging state law claims of breach of implied contract and estoppel. No. 1:07cv800, 2009 WL 1211743, *1 (S.D. Ohio May 1, 2009). The defendant removed the case to federal district court and subsequently moved for summary judgment. *Id.* The defendant asserted that plaintiff's claims were preempted by ERISA. The court relied in part on the Sixth Circuit's decision in *Cromwell*, and on *Transitional Hospitals Corp. v. Blue Cross and Blue Shield of Texas*, 164 F.3d 952 (5th Cir. 1999) in finding ERISA preemption of plaintiff's equitable estoppel and breach of contract claims. *Id.* at *2-3. The Fifth Circuit in *Transitional Hospitals* found that:

-11-

> ERISA does not preempt state law when the state-law claim is brought by an independent, third-party health care provider (such as a hospital) against an insurer for its negligent misrepresentation regarding the existence of health care coverage. However, a hospital's state-law claims for breach of fiduciary duty, negligence, equitable estoppel, breach of contract, and fraud are preempted by ERISA when the hospital seeks to recover benefits owed under the plan to a plan participant who has assigned her right to benefits to the hospital.

164 F.3d at 954 (citing *Memorial Hosp. System. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 243-46 (5th Cir. 1990) and *Hermann Hosp.*, 845 F.2d at 1290).

In another case in this Circuit, the district court addressed preemption of state law claims made by a health care provider against an insurance company. *See Kindred Hospitals Limited Partnership v. McDonald*, No. 3:08cv-287-H, 2008 WL 4165271 (W.D. Ky. Sept. 5, 2008). The hospital filed intentional and negligent misrepresentation and promissory estoppel claims in Kentucky state court. *Id.* at *1. The insurer removed the case to federal court claiming that the hospital's relationship with the insured as an assignee rendered its claims preempted by ERISA. The court concluded that although the complaint did not indicate that the hospital was an assignee of the insured, the hospital "either received an assignment of [the insured's] benefits, or, that at a minimum, the events giving rise to this case arose from [the hospital] acting as an assignee of those benefits." *Id.* It determined that:

> [w]hile [the hospital] seeks damages according to claimed 'misrepresentations' by [the insurer], the actual measure of these damages will necessitate an inquiry about the existence and terms that govern [the insured's] ERISA plan. This fact pattern concerning a misrepresentation and reliance on the misrepresentation is similar to *Lion's*, where the court found preemption applied. There the court was similarly persuaded that such an inquiry into the ERISA plan in question would justify complete preemption.

*Id.* at *2 (relying on *Lion's Volunteer Blind Ind., Inc. v. Automated Group Admin., Inc.*, 195 F.3d 803, 809 (6th Cir. 1999)). The court determined that the insurer's removal of the action to federal

court was appropriate. *Id.*

In contrast to the cases discussed *supra*, the court in *Miami Valley Hosp. v. Community Ins. Co.* determined that the plaintiff health care provider's claims were not preempted by ERISA and remanded the action back to state court. No. 3:05cv297, 2006 WL 2252669 (S.D. Ohio Aug. 7, 2006). The plaintiff hospital in that case asserted that the insured had assigned all of his rights to benefits to the hospital. It further asserted that the insurer paid a small portion of the hospital's bill directly to the insured in violation of a state law requiring that payments for health care be provided directly to the health care provider. *Id.* at *2-5. In determining that the plaintiff hospital's claims were not preempted, the district court determined that plaintiff's claim did not involve a payment of ERISA benefits, which had already been paid directly to the insured, but involved violation of state laws requiring payments to be made directly and promptly to the hospital providing care. *Id.* at *5. The plaintiff hospital was not claiming a violation of the ERISA plan, as the insured had been paid in full, nor was it claiming to have received an assignment of benefits or to be a beneficiary of the plan. *Id.* at *6. The court finally concluded:

> [b]ecause Plaintiff does not complain of a denial of coverage for medical care, and instead asserts that [the insurer] determined that coverage did not extend and paid it to the plan participant, and because Plaintiff alleges violation of a statutory state legal duty independent of ERISA and the plan terms, and because Plaintiff at no point in time could have brought his claim under ERISA, and because ERISA does not preempt claims regarding misrepresentations regarding the existence of coverage, Plaintiff's Motion to Remand, . . . is GRANTED.

*Id.* at *8.

Based on the brief Complaint filed by Marquette General in this case, the court concludes that this action is distinguishable from the situation in *Miami Valley Hosp.* and is more akin to the other cases discussed *supra* in which ERISA preemption is found. Although Marquette

General does not state that it received an assignment of benefits from the Tonns, as the court concluded in *McDonald*, this court concludes that Marquette General is attempting to stand in the shoes of the Tonns as a "third-party beneficiary to any benefits that would have been or are payable to or on behalf of Deborah Tonn for medical services provided under the aforementioned insurance policy." Complaint, ¶ 3; *see also*, 2008 WL 4165271 at *2. Marquette General's claims are clearly based on the insurance policy benefits to which the Tonns may have been entitled through Ferrellgas' health insurance plan.

As the Sixth Circuit directed in *Cromwell* the court must not be guided merely by the labels placed on a plaintiff's claims, but instead must consider whether the plaintiff is indeed seeking employee health plan benefits pursuant to Section 502(a)(1)(B). 944 F.2d at 1276. Marquette General references the health insurance policy provided by Mr. Tonn's employer in its Complaint and specifically alleges that it is entitled to payment of the benefits pursuant to the Plan. The Complaint does not reference the violation of any separate state law, as the Complaint in *Miami Valley Hosp.* did, nor does the Complaint even discuss what state law claim it is asserting. It merely asserts that $10,728.92 is due and owing for health care provided to Deborah Tonn, an alleged beneficiary of the Plan at issue. Thus, to determine the validity of Plaintiff's claims, this court would be required to analyze the details of the benefits provided by the Plan. This claim strikes at the heart of Section 502(a)(1)(B), a claim for denial of benefits under ERISA. Therefore, the court concludes that complete ERISA preemption applies to Marquette General's claims and removal to this court is proper.

The court must next address whether dismissal of Plaintiff's claims is the appropriate remedy in this case. Aetna argues that not only are Marquette General's state law claims

preempted by ERISA, but that these claims must be dismissed because Marquette General has failed to exhaust its administrative remedies in accordance with the Plan. The Sixth Circuit has explained:

> Section 502(a)(1) of ERISA permits suits to recover benefits. However, we have explained that "[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." Although ERISA does not explicitly require exhaustion, the statute does require benefit plans to provide internal dispute resolution procedures.

*Weiner*, 108 F.3d at 90 (quoting *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991)). Exhaustion "is the law in most circuits despite the fact that ERISA does not explicitly command exhaustion." *Ravencraft v. UNUM Life Ins. Co. of America*, 212 F.3d 341, 343 (6th Cir. 2000); *see also, Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 453-54 (6th Cir. 1991).

In *Weiner* the Plaintiff was a podiatrist who had rendered services to six beneficiaries of five different group health plans sponsored by their employers. 108 F.3d at 87. The plan participants had assigned their rights to the plaintiff, and the plaintiff asked the defendants for payments relating to the services he had provided to the plan participants. *Id.* at 87-88. The Sixth Circuit "conclude[d] that plaintiff should have exhausted the administrative remedies provided under the plans and, because he did not, dismissal of his action for recovery of benefits is proper." *Id.* at 91.

In *Spectrum Health Continuing Care Group v. Knape*, the district court dismissed a health care provider's claim against a health care plan administrator for failure to pay for home nursing care. No. 1:02cv694, 2003 WL 22145818 (W.D. Mich. Jul. 18, 2003). The court determined that the plaintiff, as an assignee of the plan beneficiary, was only entitled to the benefits of the assignee. *Id.* at *4. The court determined that neither the plaintiff nor the plan

beneficiary had exhausted the administrative remedies under the terms of the plan and that they had both thus waived their rights to appeal the denial of benefits as no other exception to exhaustion applied. *Id.* at *5.

In *Ravencraft* the plaintiff beneficiary filed suit in Kentucky state court seeking disability benefits under defendant's disability plan. 212 F.3d at 342. The defendant removed the case to federal court asserting that the claim was governed by ERISA. The district court granted summary judgment to the defendant insurer based on plaintiff's failure to exhaust his administrative remedies and dismissed the case with prejudice. The Sixth Circuit affirmed the grant of summary judgment in favor of the insurer, but it directed the district court to dismiss the case without prejudice. *Id.* at 344.

The Plan at issue in this case contains a procedure for seeking review of a claim denial. *See* Plan, p. 8. In addition, the Plan contains a provision pertaining to the assignment of benefits. *Id.* The Complaint does not indicate whether Marquette General received an assignment of the Tonns' benefits, nor does it indicate whether the hospital attempted to exhaust the administrative remedies available under the Plan. As Marquette General has not yet been provided with an opportunity to reframe its claim as one arising under ERISA, the court concludes that Plaintiff should be provided with an opportunity to amend its Complaint to assert a valid ERISA claim, including one in which benefits have been assigned and in which administrative remedies have been exhausted or have not been exhausted because an exception to the exhaustion rule applies. Therefore, the court will **RESERVE RULING** on Aetna's motion to dismiss to provide Marquette General with an opportunity to move to amend its Complaint and to file such an amended complaint. If Marquette General fails to move to amend its Complaint to state an

ERISA claim within the time provided by the court, the court will dismiss the Complaint without prejudice at that time due to Plaintiff's failure to exhaust its administrative remedies. *See Ravencraft*, 212 F.3d at 344.

**IV.	Conclusion**

As stated *supra*, the court concludes that Plaintiff's state law claim for relief is preempted by ERISA and that jurisdiction is therefore appropriate in this court. The court further concludes that it will **RESERVE RULING** on Aetna's motion to dismiss to provide Plaintiff with an opportunity to reframe its Complaint as a claim arising under ERISA. Should Plaintiff fail to move to amend its Complaint within the time designated by this court's order, the court will dismiss Plaintiff's claim without prejudice at that time.

A separate order will enter.


Dated:	11/19/09				*/s/ R. Allan Edgar*
						R. ALLAN EDGAR
						UNITED STATES DISTRICT JUDGE